GLADNEY, Justice.
This suit was instituted by plaintiffs for the purpose of annulling and canceling a certain partition deed and transfers of mineral interests relating to approximately 308 acres of land situated in Lincoln Parish, formerly owned by John Williams and Ella Williams. In addition to the recovery of the real estate involved, plaintiffs also seek an accounting of revenues adduced from the disputed lands. Among the grounds of nullity alleged upon is one predicated upon the minority of certain of plaintiffs when the partition proceedings were instituted.
The appeal has been lodged in this court following a judgment dismissing plaintiffs’ demands as of non-suit for the failure to file bonds for security of costs as directed by the court a qua. Separate motions for security for costs, exceptions of non-joinder and prayers for oyer were filed by defendants C. C. Barham and The Pure Oil Company. Attached to and made a part of an exception of non-joinder of a proper party defendant are copies of two instruments executed by Barham conveying mineral and royalty rights aggregating 1083.54 acres of land, including the property involved in the instant suit, with a total of recited considerations in excess of $60,000. These instruments suggest the likelihood that this court is without jurisdiction ratione materiae as the value of the rights in dispute may well exceed oür jurisdictional limitation. In this connection we note that LSA-C.C. art. 1412 provides that where there is a rescission in favor of the. minor against a partition it relieves those of full age and consequently the entire value of the property involved in the alleged invalid partition deed could be determined by the instant suit. The basis of’ jurisdiction of the proper appellate court should- be affirmatively established in the record other than by affidavit or stipulation.
For the reasons assigned it is ordered that this case be and it is hereby remanded to the Honorable the Third Judicial District Court in and for the Parish of Lincoln, State of Louisiana, for the purpose of adducing competent evidence as to the value of the disputed property rights. It is further ordered that upon the determination of this fact, the appeal, if any, be ordered to the court of appropriate appellate jurisdiction. The costs of this court are taxed against appellants, and all other costs are to await final disposition of the case. .